UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| ROBERT VAUGHAN and ) | Case No.  6:12-bk-02798-KSJ |
| JUNE VAUGHAN, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| | |
| CARLA P. MUSSELMAN, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 6:13-ap-00168-KSJ |
| vs. ) | |
| ) | |
| ROBERT VAUGHAN and ) | |
| JUNE VAUGHAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Chapter 7 Trustee Carla P. Musselman, argues that the Debtors, Robert Vaughan and June Vaughan, should not receive a discharge in their Chapter 7 case for refusal to comply with an order issued by this Court.[1]  In July 2013, this Court entered an order granting the Trustee's motion for turnover ("Turnover Order"[2]), in which she requested the Debtors to turn over proceeds from an unauthorized post-petition sale of estate property.[3]  The Trustee alleges that the Debtors have not turned over the funds and seeks summary judgment that the

---

[1] Doc. No. 1.
[2] Main Case No. 6:12-bk-02798-KSJ, Doc. No. 50.
[3] Main Case No. 6:12-bk-02798-KSJ, Doc. No. 47.

Debtors' discharge should be denied under 11 U.S.C. § 727(a)(6)(A).[4] Because the Debtors failed to respond to the Trustee's motion for summary judgment, and the Trustee is entitled to judgment as a matter of law, the Trustee's motion for summary judgment is granted.

Initially, the Trustee intended to sell the real property back to the Debtors for $41,500.[5] Debtors paid the Trustee a $30,000 escrow deposit for the property, but before the sale could be consummated the Trustee learned that the Debtors sold the property months earlier for $70,000, unbeknownst to the Court or the Trustee.[6] This prompted the Trustee to withdraw her notice of sale and move for turnover of the remaining $40,000,[7] because the real property was property of the estate at the time of sale.[8] The Court granted the Trustee's motion for turnover and ordered the Debtors to turn over the sum of $40,000 by July 11, 2013.[9] Debtors have not turned over the remaining $40,000 from the unauthorized sale of estate property.[10]

The Trustee argues, on summary judgment, that the Debtors' failure to turn over the sale proceeds constitutes refusal to comply with this Court's Turnover Order and provides grounds for denial of discharge under § 727(a)(6) of the Bankruptcy Code.[11]

Under Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[12]

---

[4] The Court entered a discharge in error on June 15, 2012 (Doc. No. 25), which was vacated on August 23, 2013. (Doc. No. 58.)
[5] Notice of Intent to Sell, Main Case No. 6:12-bk-02798-KSJ, Doc. No. 43.
[6] *See* Trustee's Affidavit, Doc. No. 17; Trustee's Motion for Turnover, Main Case No. 6:12-bk-02798-KSJ, Doc. No. 47.
[7] The $40,000 represents the $70,000 sale price of estate property the Debtors received minus the $30,000 escrow deposit the Debtors paid the Trustee for the planned sale.
[8] Trustee's Withdrawal of Intent to Sell, Main Case No. 6:12-bk-02798-KSJ, Doc. No. 45.
[9] Main Case No. 6:12-bk-02798-KSJ , Doc. No. 50.
[10] Doc. No. 17 at ¶ 5.
[11] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et. seq.*
[12] Fed. R. Civ. P. 56.

The moving party has the burden of establishing the right to summary judgment.[13] In determining entitlement to summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[14] "Where the record, taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[15]

The primary purpose of bankruptcy law is to provide an honest debtor with a fresh start by relieving the burden of indebtedness.[16] "Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor."[17] The party objecting to the debtor's discharge has the burden of establishing that the debtor is not entitled to receive a discharge by the preponderance of the evidence.[18] Accordingly, the Trustee must prove that the Debtors are not entitled to receive a discharge by a preponderance of the evidence.

Section 727(a)(6)(A) provides that the Court shall grant a debtor a discharge, unless "the debtor has refused, in the case to obey any lawful order of the court . . . ."[19] Mere failure to obey a court order is insufficient under § 727(a)(6)(A); the statute requires that the debtor *refuse* to obey a court order.[20] Consequently, a plaintiff must show that the debtor was 1) aware of the order; 2) refused to comply; and 3) the refusal to obey the order was the result of "willful, intentional disobedience, and not merely inadvertence or mistake."[21]

---

[13] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[14] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[15] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).
[16] *Perez v. Campbell*, 402 U.S. 637 (1971); *In re Price*, 48 B.R. 211, 213 (Bankr. S.D. Fla. 1985); *Matter of Holwerda*, 29 B.R. 486, 489 (Bankr. M.D. Fla. 1983).
[17] *In re Mullin*, 455 B.R. 256, 261 (Bankr. M.D. Fla. 2011) (citing *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986)).
[18] *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); *In re Chalik*, 748 F.2d 616 (11th Cir. 1984); *In re Metz*, 150 B.R. 821 (Bankr. M.D. Fla. 1993).
[19] 11 U.S.C. § 727(a)(6)(A).
[20] *In re Costantini*, 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996).
[21] *In re Mullin*, 455 B.R. 256, 263 (Bankr. M.D. Fla. 2011). Accord *In re Harmon*, 379 B.R. 182, 189 (Bankr. M.D. Fla. 2007); *Costantini*, 201 B.R. at 315-16.

No material facts are in dispute. In their answer, the Debtors admit to being aware of the Turnover Order, and in any event have not alleged lack of notice or any other deficiency with the entry of the Turnover Order.[22] To date, the undisputed record shows that the Debtors refused to turn over the full $40,000 required by the Turnover Order and have not otherwise offered any defense for their refusal to turn over the sale proceeds.[23] Debtors also admit they have not turned over the funds to the estate.[24] Moreover, they have not alleged any inadvertence or mistake as an affirmative defense.[25] Debtors willfully and intentionally refused to comply with the Turnover Order.

Accordingly, the Debtors' discharge is denied pursuant to 11 U.S.C. § 727(a)(6)(A) for their refusal to comply with this Court's Turnover Order. The trial previously scheduled for June 9, 2014 is cancelled. A separate Final Judgment shall be entered in favor of the Plaintiff and against the Debtors/Defendants.

DONE AND ORDERED in Orlando, Florida, on June 4, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Seldon J. Childers, Esq., attorney for the Trustee, is directed to serve a copy of this Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Memorandum Opinion.

---

[22] Doc. No. 8 at ¶ 9.
[23] *See* Trustee's Affidavit, Doc. No. 17.
[24] Doc. No. 8 at ¶ 15.
[25] Failure to plead an affirmative defense in the answer results in waiver of that defense. *E.g.*, *Steger v. General Elec. Co.*, 318 F.3d 1066, 1077 (11th Cir. 2003) ("The pleading of an affirmative defense is mandated by Federal Rule Civil Procedure 8(c) to be presented in a responsive pleading, and a party waives its right to advance an affirmative defense by failing to assert it in such.").